# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MELISSA WEBB,**
**Claimant Below, Petitioner**

**FILED**

July 20, 2018

**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0188** (BOR Appeal No. 2052207)
(Claim No. 2017023833)

**CRACKER BARREL OLD COUNTRY STORE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Melissa Webb, by Reginald D. Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.[1]

The issue on appeal is compensability. The claims administrator rejected the claim on June 7, 2017. The Office of Judges affirmed the decision in its September 12, 2017, Order. The Order was affirmed by the Board of Review on February 23, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Webb, a cashier and merchandise stocker, alleges that she injured her lower back in the course of her employment on March 24, 2017, while unloading boxes and stocking shelves. Ms. Webb has a long history of lower back problems. A lumbar MRI taken on February 9, 2008, showed mild multilevel degenerative facet arthropathy without significant degenerative disc disease or stenosis. In April of 2009, Ms. Webb was treated at Liberty Hospital in Missouri for low back pain that radiated into the right leg. The diagnosis was acute sciatica. On November 6,

---

[1] A response was not filed on behalf of Cracker Barrel Old Country Store, Inc.

1

2009, it was noted that Ms. Webb had undergone an MRI of the lumbar spine, which showed a bulging disc at L4-5 and facet joint degeneration at L5-S1.

Treatment notes from JayHawk Primary Care/Creekwood Family Care from October of 2009 through April of 2010 indicate Ms. Webb was treated multiple times for low back pain, sciatica, and radiculopathy into the right leg. An MRI was performed on November 3, 2009, and showed a slight disc bulge at L4-5. Finally, a report of injury from the Missouri Department of Labor indicates Ms. Webb injured her lower back at work on July 26, 2015, while lifting boxes.

Ms. Webb first sought treatment for the alleged injury in the instant claim on March 28, 2017. A treatment note from Beckley ARH Hospital indicates Ms. Webb reported low back pain on the right side radiating to mid-back. She stated that the pain began on Friday after unloading a truck at work alone and being on a ladder stocking lamps. A CT scan showed minor bulges from L4 to S1 but no acute findings. She was diagnosed with acute low back pain and given an injection and medications.

Ms. Webb began treating with Syed Zahir, M.D., on March 31, 2017. His treatment note indicates Ms. Webb injured her back on March 24, 2017, while carrying a lot of boxes. She had limited range of motion on examination, pain in the back, and some numbness in the right lower leg. Dr. Zahir diagnosed acute lumbosacral strain and possible herniated L4-5 and L5-S1 discs. An MRI was recommended. On April 14, 2017, Ms. Webb reported back pain and pain in both legs. On May 2, 2017, she stated that she had been having severe back pain. Dr. Zahir's impression was herniated L4-5 and L5-S1 discs with bilateral radiculitis. Dr. Zahir noted on May 23, 2017, that Ms. Webb still needed an MRI as well as referral to a neurosurgeon. On June 13, 2017, Ms. Webb was still reporting a lot of back pain, radiation into both legs, and limitation in range of motion. Dr. Zahir noted on June 29, 2017, that the MRI showed evidence of a disc herniation at L5-S1, bulging at L4-5, and hypertrophy. He recommended referral to a neurosurgeon.

Claim notes were taken by Janet Turner, for the claims administrator, on April 12, 2017. They indicate Ms. Webb was unloading a truck on March 24, 2017. It was a three person truck but one person did not show up that day and the other worked slowly. Ms. Webb alleged that she reported the injury to Dean Cook two hours before her shift the following day. She reported that the pain is on the right side of the middle of her back from the waist up. She stated that she had never injured that part of her back before. Ms. Webb alleged that she reported her injury to four different managers and Sheila told her to go home and rest.

A report of injury was completed on April 25, 2017, in which Ms. Webb indicated she was injured on March 24, 2017, while unloading merchandise from a truck, stacking boxes, and lifting boxes while on a ladder. Treatment was initially sought at Beckley ARH Hospital on March 28, 2017. The physician's section was completed on April 25, 2017, and the diagnosis was listed as occupationally related low back strain. The claims administrator rejected the claim on June 7, 2017.

A lumbar MRI was performed on June 19, 2017, and showed minimal spurring and mild facet arthropathy at L2-3; mild ligamentum flavum hypertrophy and facet arthropathy at L3-4; minimal disc bulging, facet arthropathy, ligamentum flavum hypertrophy, and mild canal stenosis at L4-5; and a shallow central disc protrusion and facet arthropathy, at L5-S1. Dr. Zahir opined in a June 27, 2017, treatment note that Ms. Webb was totally disabled. He stated that she needs to be seen by a neurosurgeon and, based on the MRI findings, may require surgery.

Ms. Webb testified in a deposition on July 14, 2017, that on the day she was injured, she worked for nine hours unloading a truck and stocking shelves. There were supposed to be three people unloading that day but one called off and the other only helped for a few hours. The boxes weighed between ten and forty pounds. Ms. Webb stated that she had no back pain prior to coming to work that day and that she had not been taking any pain medication for her back from October of 2016 until the alleged injury on March 24, 2017. She alleged that the injury was caused by stocking heavy lamps on a shelf that required her to climb a ladder and lift the lamp over her head. On the third lamp, she experienced severe, sharp pain in her back. She called off of work the following day because she was in too much pain. Ms. Webb stated that two days after the injury, she reported to work and told Melissa Edwards, general manager, that she had injured her back and wanted to file a claim but no information was provided to her.

Ms. Webb testified that she has been seeing Dr. Zahir for the injury since March 31, 2017. She denied ever having experienced low back pain, such as it is now, prior to the alleged March 24, 2017, injury. She asserted that she never received communications from the employer or claims administrator. Ms. Webb testified that she had never had an MRI of her back until Dr. Zahir ordered one on June 19, 2017. She denied any previous back injuries, though she did admit to being treated for sciatica in the past. Ms. Webb alleged that she told Dean Cook, the restaurant manager, that she hurt her back the day that it happened. She told him again the next morning and on March 26, 2017, she asserted that she reported the injury to Melissa Edwards. She also reported the injury to two other retail managers who were in the store that day during inventory. Ms. Webb explained that she did not seek medical treatment until March 28, 2017, because she thought her back would improve with rest.

Kelvin Dean Cook, associate manager, reported in a statement that Ms. Webb never informed him that she injured her back on March 24, 2017, while unloading boxes. He stated that if he had been informed that she injured herself on the job, he would have made her fill out an incident report as company policy mandates.

Sheila Milam, district manager, stated in two affidavits that Ms. Webb informed her on March 26, 2017, that she would not return to work that evening because she was too tired from processing merchandise on March 24, 2017. Ms. Milam stated that she would find someone to replace Ms. Webb if she was too tired to work and Ms. Webb offered to come back to work if Ms. Milam could not find a replacement. Ms. Milam asserted that Ms. Webb never informed her that she injured her back on March 24, 2017, or that she was in pain. If Ms. Webb had reported an injury, Ms. Milam stated that she would have had her complete an incident report, as is company policy. Ms. Milam also stated that the lamps Ms. Webb was stocking on March 24, 2017, weighed five pounds and could be lifted with one hand.

3

Melissa Edwards, manager, also completed a statement in which she said that Ms. Webb never informed her that she injured her back while stocking on March 24, 2017. At no time did she have a meeting with Ms. Webb in her office where she was informed that an injury had occurred. Ms. Webb told Ms. Edwards that she could not work on March 26, 2017, because she was too tired. Ms. Edwards stated that if Ms. Webb had reported an injury, an incident report would have been completed.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on July 20, 2017, in which he diagnosed low back pain. He opined that there was no credible medical evidence showing that Ms. Webb injured her back on March 24, 2017. He stated that there was no isolated fortuitous event and that loading and unloading boxes is a normal work activity for her. Dr. Mukkamala opined that if Ms. Webb did sustain an injury that day, it would have been nothing more than a lumbar sprain, which should have resolved in four weeks. The fact that she still complains of pain, with no objective physical findings in support, indicates that she did not sustain a work-related injury. Dr. Mukkamala also noted extreme symptom magnification. He stated that there was no need for further treatment and Ms. Webb should be capable of returning to work. The MRI findings were noted to be degenerative, preexisting, and not causally related to the March 24, 2017, incident. He opined that the differences between the November 3, 2009, MRI and the June 19, 2017, MRI are merely the result of the natural aging process.

Ms. Webb testified in a hearing held before the Office of Judges on August 15, 2017, regarding the April 12, 2017, recorded statement she made to the claims administrator that was then converted to a typed statement. She stated that the claims administrator left out parts of her statement. She alleged that the lamps she was carrying on the date of the alleged injury were very heavy and had a concrete base. She had to carry them up a ladder and lift them onto a ten foot tall metal shelf. On cross examination, Ms. Webb stated that she had been treated for sciatica in the past with pain medication and injections. She was not aware that she had also been diagnosed with lumbar radiculopathy. Ms. Webb denied recalling that she had been treated with narcotic pain medication from 2009 through 2010. She also denied telling a physician in 2009 that she fell six years prior and had occasional flair-ups of back pain since. She stated that she had not been treated for sciatica since 2010.

The Office of Judges affirmed the claims administrator's rejection of the claim in its September 12, 2017, Order. It found inconsistencies in Ms. Webb's reporting of her injury. She first testified that she felt pain while coming down a ladder and then stated that it was caused by lifting six lamps. She also asserted that she reported the injury to her supervisors immediately; however, none of the supervisors corroborated her story. Ms. Edwards and Ms. Milam both stated that Ms. Webb told them she could not come to work for her next shift because she was too tired from unloading boxes. They both said that she never mentioned back pain or an injury.

The Office of Judges further found that Ms. Webb testified she suffered from sciatica with no injury. However, records from Liberty Hospital show that she was treated for low back pain with gradual onset that had been persistent for several days. A coccyx fracture seven years prior was also documented. The Office of Judges noted that Ms. Webb underwent a lumbar MRI

4

in 2008 and was seen by a pain management specialist in 2009, who noted that the MRI showed a bulging L4-5 disc and facet joint degeneration from L4-S1. On the intake form for physical therapy, it was noted that Ms. Webb was injured when she fell on concrete six years prior and that she needed treatment for flair ups of back pain. In October of 2009, she began treating with Creekwood Family Care for sciatica and low back pain. In April of 2010, she reported that she injured her back while moving furniture and requested pain medication. Finally, Ms. Webb sustained a low back injury in July of 2015 while lifting a box. Though she denied this injury, the name, address, and date of birth on the Missouri Department of Labor's report of injury are the same as hers.

The Office of Judges next found that Ms. Webb did not seek immediate medical treatment for the alleged injury on March 24, 2017, even though she testified that she was in significant pain. She failed to file an incident report with the employer and did not sign a report of injury until April 19, 2017. The Office of Judges therefore concluded that there is reason to question that an injury occurred. It based its decision partly on the fact that there were inconsistencies in Ms. Webb's reporting of the events that happened that day and partly on the fact that "she had a history of back problems that she was less than forthcoming to report." The Office of Judges concluded that it was more likely than not that Ms. Webb did not sustain a compensable injury on March 24, 2017. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 23, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Ms. Webb denied having prior low back problems, but the evidence of record shows that she had prior low back injuries and sought treatment for her lower back on more than one occasion. Further, her version of events was contradicted by the statements of Mr. Cook, Ms. Milam, and Ms. Edwards, who all asserted that Ms. Webb did not report a work related injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 20, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

Justice Loughry, Allen H., II suspended and therefore not participating.

5